**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ZANDER LAMONT RICHARDSON, JR.        *
  #412-735

                                    *

          Plaintiff

                                    *

          v.                              Civil Action No. JKB-14-351

                                    *

BALTIMORE CITY DETENTION CENTER
CLIFTON T. PERKINS HOSPITAL CENTER    *

          Defendants          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM**

On February 5, 2014, Zander Lamont Richardson, Jr., currently incarcerated within the Maryland Department of Corrections and housed at North Branch Correctional Institution in Cumberland, filed this civil complaint pursuant to 42 U.S.C. § 1983, seeking money damages and "therapy." His complaint contains separate and disparate claims arising out of detention at two different facilities. He first complains that on one occasion he was beaten and on another occasion stabbed while awaiting trial at the Baltimore City Detention Center (hereinafter "BCDC"), and denied medical treatment for unspecified injuries. Richardson also claims that he suffered side effects from psychotropic drugs administered while undergoing evaluation at Clifton T. Perkins Hospital Center ("Perkins"), a Maryland Department of Health and Mental Hygiene facility. ECF No. 1, p. 3. Although Richardson references January 7, 2009, as the date of his arrest, he fails to provide the dates on which these incidents occurred or the names of the individuals responsible. He has filed a motion for leave to file in forma pauperis (ECF No. 2) which shall be granted.

Examination of Maryland's electronic docket reveals that on January 7, 2009, Richardson was arrested for first-degree murder, burglary, and firearms offenses.[1]  The Circuit Court docket indicates that Richardson was held without bail and on at least two occasions was adjudicated incompetent to stand trial.[2]  Ultimately, he was declared competent and stood trial.  This court finds that despite his inartfully pleaded complaint, there is no requirement for appointment of a guardian to pursue the claims presented.  *See* Fed. R. Civ. P. 17(c)(2).

Richardson's complaint as initially drafted is deficient.  Rule 8(a) requires the submission of complaints that include (1) a short and plain statement of the grounds upon which this court has jurisdiction; (2) a short and plain statement of the claim showing that plaintiff is entitled to relief; and (3) demand for judgment for the relief plaintiff seeks.  The paperwork submitted by Richardson does not comply with Rule 8(a).

The claims set forth by Richardson must be filed as two separate cases.  The complaint filed in the first case should address his allegations arising out of his detention at BCDC, setting out the date(s) on which he was beaten and stabbed, the date(s) on which medical treatment was denied, and the people involved in or responsible for those incidents.  His complaint filed in the second case should address his allegations arising out of his detention at Perkins, setting out his claim that he was wrongfully subjected to psychotropic medications and has suffered physical injury as a result of side effects from those medications.  This second case must also include the date(s) on which forced medication occurred and the people responsible.

The instant case shall be dismissed without prejudice and closed.  The Clerk shall provide Richardson with two civil rights forms packets so that he may comply with the above

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=0B01999333&loc=3&detailLoc=DSCR/;.

[2] *See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109043020&loc=69&detailLoc=DSK8*

instructions and submit his claims in a proper format.  A separate order shall issue in accordance with this memorandum.

DATED this <u>12th</u> day of February, 2014.

BY THE COURT:

<u>                    /s/                    </u>
James K. Bredar
United States District Judge